# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 5:05CV36-H

| | |
|---|---|
| THERESA C. BROOKS and CHRISTOPHER L. BROOKS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHRYSLER FINANCIAL CO. LLC, )<br>BOONE TRAIL AUTOHAUS, INC., )<br>and GEORGE MCKINNEY , )<br>)<br>Defendants. )<br>_____) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court sua sponte following receipt of the parties' "Joint Rule 26(f) Report" (document #18) filed August 30, 2005.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

Upon examination of the pleadings, it is apparent that there is no basis for federal subject matter jurisdiction and, accordingly, the Complaint will be dismissed, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiffs, Theresa C. Brooks and Christopher L. Brooks, are Virginia citizens, while the corporate Defendants, Chrysler Financial Co. LLC ("Chrysler") and Boone Trail Autohaus, Inc. ("Autohaus"), are, respectively, Michigan and North Carolina corporations, and the individual Defendant George McKinney, apparently an employee of Autohaus, is a North Carolina citizen.

On April 6, 2005, the Plaintiffs filed their Complaint, which does not recite even an alleged basis for federal subject matter jurisdiction, and contains only state law claims: for fraud, unfair and deceptive trade practices (N.C. Gen. Stat. § 75-1.1), and false damages disclosure (N.C. Gen. Stat.

§ 21-71.4). Specifically, the Plaintiffs allege that the Defendants "fraudulently represent[ed] that a car [that Plaintiffs purchased from them or one of them] had not been wrecked in excess of 25% of its value." "Complaint" at 1 (document #1).

The Plaintiffs expressly pled that their actual damages, that is, the difference in what they paid for the car and its actual value, was $17,523.49, and the Complaint contains no other factual allegations that remotely could be construed as giving rise to additional measurable damages. In addition to their claim for compensatory damages, however, under their state statutory claims, the Plaintiffs seek to treble their actual damages, and also state a claim for punitive damages.

## II. DISCUSSION

The existence of subject matter jurisdiction is a threshold issue, and any case lacking a proper basis for subject matter jurisdiction must be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In other words, it is well established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002). Because the Plaintiffs' claims arise entirely under state law, the basis for federal subject matter jurisdiction, if any, must arise under what is commonly called diversity jurisdiction.

A case falls within a federal district court's diversity jurisdiction only if diversity of citizenship among the parties is complete – that is, only if no plaintiff and defendant are citizens of

the same State – and the amount in controversy exceeds $75,000.[1] See, e.g., 28 U.S.C. § 1332 (2000); Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); and Strawbridge v. Curtiss, 3 Cranch 267 (1806). The requirements are so absolute that "[n]o party need assert [a lack of complete diversity or the requisite amount in controversy]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Schacht, 524 U.S. at 389 (internal citations omitted) (emphasis added). Accord Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The parties seeking federal jurisdiction, in this case, the Plaintiffs, have the burden of establishing that subject matter jurisdiction exists. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Development Corp., 312 F.Supp.2d 833, 835 (S.D.W.Va. 2004); Momin v. Maggiemoo's International L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002); and Gynn v. Wal-mart Stores, 955 F. Supp. 44, 46 (M.D.N.C. 1996) (same).

It is well settled that the existence of subject matter jurisdiction and, specifically, whether more than $75,000 is in controversy is evaluated as of the time the Complaint is filed. Griffin v. Red Run Lodge, Inc., 610 F.2d 1198, 1204-05 (4th Cir. 1979), citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290-93 (1938) (holding that plaintiff could not avoid federal jurisdiction by decreasing amount in controversy in amended complaint filed post-removal). Accord Keith v.

---

[1]The citizenship of the parties is clearly diverse, that is, the Plaintiffs are citizens of Virginia, while the Defendants are citizens of Michigan and North Carolina. See 28 U.S.C. § 1332(c)(1) (2000) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (1999) (a corporation has its principal place of business at the "nerve center" and/or "place of" its operations); and Peterson v. Cooley, 142 F.3d 181, 184 (4th Cir. 1998).

3

Clarke American Checks, Inc., 261 F. Supp. 2d 419, 422 (W.D.N.C. 2003) (where complaint, including claim for back pay, was filed more than two years after plaintiff's termination and his annual salary had been $41,000, the amount in controversy was met).

Moreover, notwithstanding the parties' apparent joint misconception on this issue, it is well settled in North Carolina both that statutory treble damages are a form of punitive damages and that a party recovering treble damages may not also recover additional punitive damages. Accord Compton v. Kirby, 157 N.C. App. 1, 21, 577 S.E. 2d 905, 918 (2003) ("plaintiffs may receive punitive damages or be awarded treble damages, but may not have both"), citing Mapp v. Toyota World, Inc., 81 N.C.App. 421, 426, 344 S.E.2d 297, 301, disc. review denied, 318 N.C. 283, 347 S.E.2d 464 (1986). Accordingly, in evaluating whether the amount in controversy requirement has been satisfied, the Court will consider punitive damages and treble damages as alternative components of any potential recovery.

Applying these legal principles to the record in this case, the Complaint must be dismissed. Indeed, the Plaintiffs have not alleged that grounds exist for federal subject matter jurisdiction, nor does the Complaint reveal any. Rather, the Plaintiffs admit that their actual damages, $17,523.49, are significantly less than even one-third of the $75,000 amount in controversy. In other words, assuming arguendo that the Plaintiffs could prevail on their state law claims, there is no reasonable basis for concluding that any actual damages they might recover, even if trebled or with some additional, proportional amount of punitive damages, would exceed $75,000, the statutory minimum for federal diversity jurisdiction.

## III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The Complaint (document #1) is **DISMISSED WITHOUT PREJUDICE** to the Plaintiffs' right to assert their state law claims in state court.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED, AND DECREED.**

**Signed: August 31, 2005**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge